**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CASE NO. 5:12-CV-00052**

WESTFIELD INSURANCE COMPANY                                                    PLAINTIFF

v.

JIMMY TOSH, et al.                                                                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon three motions to dismiss from the Defendants.

1. Defendants, Terry Powell, et al. ("Powell Defendants"), have filed a motion to dismiss (DN 58), to which Plaintiff Westfield Insurance Company has responded (DN 77) and the Powell Defendants have replied. (DN 81.)

2. Defendants, Jimmy Tosh and associated entities ("Tosh Defendants"), have filed a motion requesting dismissal of the action for improper venue and dismissal of Defendants Tosh Farms, LLC, and Pig Palace, LLC, for lack of personal jurisdiction. (DN 78.) Both Westfield (DN 96) and the Powell Defendants (DN 84) have responded in opposition, and the Tosh Defendants have replied. (DN 100.)

3. Defendants, Eric Howell, Ron Davis, and Heather Howell Davis ("Howell/Davis Defendants"), have filed a motion to dismiss for lack of ripeness (DN 80) to which Westfield has responded, (DN 95), and they have replied. (DN 101.)

These matters are now ripe for adjudication.

## BACKGROUND

This declaratory judgment action arises out of the underlying action before this Court, *Powell v. Tosh*, 5:09-CV-00121-TBR, in which the Powell Defendants, property owners in Marshall County, Kentucky, have filed suit alleging a variety of claims and injuries against the Howell/Davis Defendants, fellow residents and property owners who have constructed swine barns on their property. The Powell Defendants have also brought class claims against the following entities: Jimmy Tosh; Tosh Farms General Partnership; Tosh Farms, LLC; Shiloh Hills, LLC; Pig Palace, LLC; Bacon by Gosh, Inc.; and Tosh Pork, LLC (collectively the "Tosh Defendants"). Each of these companies is engaged in a particular aspect of the swine farming industry. These entities contract with growers, like the Howell/Davis Defendants, in Tennessee and Kentucky to raise the swine from juveniles to market-ready adults.

Westfield issued various insurance policies to the following Tosh entities: Jimmy Tosh; Tosh Farms, LLC; Tosh Farms General Partnership; Pig Palace, LLC; and Bacon by Gosh, LLC. Westfield is providing a defense in the underlying action to the Tosh Defendants under a reservation of rights. Westfield filed this declaratory judgment action to determine its rights and obligations to the Defendants under the respective insurance policies after this Court denied as untimely its motion to intervene in the underlying action.

Each group of Defendants has filed a motion to dismiss on different grounds. First, the Powell Defendants argue that Westfield's request for a declaratory judgment is untimely, as extensive litigation and discovery has taken place in the underlying action for over three years, during which time Westfield participated without objection. The Powell Defendants argue that Westfield has sat on its rights for too long, and urges this Court to dismiss this action as barred by the equitable doctrine of laches. Westfield argues its three-year delay in filing this action was

not unreasonable because liability in the underlying action has not yet been determined and insurers commonly wait until a final judgment is rendered against their insureds before seeking a declaration of rights.

Second, the Tosh Defendants have filed a motion to dismiss from this action Tosh Farms, LLC, and Pig Palace, LLC, for lack of personal jurisdiction. The Tosh Defendants contend that there are insufficient contacts present to establish personal jurisdiction over these two entities. The Tosh Defendants also move to dismiss this action against all the Tosh Defendants based on improper venue, alternatively requesting that the Court transfer this action to the Western District of Tennessee pursuant to 28 U.S.C §1406(a). Both Westfield and the Class Defendants oppose this motion.

Finally, the Howell/Davis Defendants have filed a motion to dismiss Westfield's claims against them, arguing that because none of the Howell/Davis Defendants is insured by Westfield, any case or controversy between the parties is not ripe.

## STANDARD

The Federal Rules of Civil Procedure require that pleadings contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a claim or case because the complaint fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b). When considering a Rule 12(b)(6) motion to dismiss, the court must presume all of the factual allegations in the complaint are true and draw all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). "The court need not, however, accept unwarranted factual inferences." *Id.* (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12

(6th Cir. 1987)).

Even though a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Instead, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). A complaint should contain enough facts "to state a claim to relief that is plausible on its face." *Id.* at 570. A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

The Howell/Davis Defendants have also has also moved the Court to dismiss based on ripeness grounds, which are technically motions to dismiss based upon the lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). When considering 12(b)(1) motions that attack the factual existence of subject matter jurisdiction," no presumptive truthfulness applies to the factual allegations" and "the court is free to weigh the evidence and satisfy itself as the existence of its power to hear the case." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

## DISCUSSION

### I.

Plaintiff in the sister action to this case,[1] American National Property and Casualty Company ("ANPAC")—whose arguments were incorporated into Westfield's response—asserts that because this is a diversity case, this Court should apply state law in evaluating a laches defense. *See Christy v. Chevron Corp.*, 2011 WL 5008339 (E.D. Mich. Sept. 2, 2001). The underlying policies were issued in Tennessee by a Tennessee agent to both Kentucky and Tennessee citizens; thus ANPAC also asserts it is unclear which state's law applies, but points out that the states' law on laches is substantially similar. The Court will address the Powell Defendants' Motion to Dismiss without deciding this issue, as the substantive law necessary to dispose of the motion is the same under both federal and either state's law.

Laches is: "the negligent and unintentional failure to protect one's rights. A party asserting laches must show: (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting it." *Herman Miller, Inc. v. Palazzetti Imports & Exports, Inc.*, 270 F.3d 298, 320-21 (6th Cir. 2001) (citations omitted). Under both Kentucky and Tennessee law, determining whether an action is barred by laches depends on questions of fact. *See Dennison v. McCann*, 197 S.W.2d 248, 249 (Ky. 1946) ("As to what is unreasonable delay is a question always dependent on the facts in the particular facts in the particular case."); *Brown v. Ogle*, 46 S.W.3d 721, 726-27 (Tenn. Ct. App. 2000) ("Two of the essential elements of fact are negligence and unexcused delay on the part of the complainant in asserting his alleged claim.").

The Powell Defendants' motion is premature. "[T]he defense of laches . . . involves more than the mere lapse of time and depends largely upon questions of fact. Thus, a complaint

---

[1]*See* Pls.' Resp., 3-6, DN 19, *Am. Nat'l Prop. & Ins. Co. v. Tosh*, 5:09-CV-00051-TBR.

seldom will disclose undisputed facts clearly establishing the defense of laches and a motion to dismiss generally is not a useful vehicle for raising the issue." 5 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice & Procedure § 1277 (3d ed.). Because they are "inherently fact specific," district courts throughout this circuit and others have found that challenges to an action based on the doctrine of laches are "not amenable to dismissal at the pleading stages." *Williamson v. Recovery Ltd. P'ship*, 2009 WL 3172648, at *4 (S.D. Ohio Sept. 30, 2009); *see also Ctr. for Individual Freedom, Inc. v. Ireland*, 613 F. Supp. 2d 777, 810 (S.D.W. Va. 2009) (holding that laches is not a proper basis for a motion to dismiss); *Ottawa Tribe of Okla. v. Speck*, 447 F. Supp. 2d 835, 844-45 (N.D. Ohio 2006) (declining to dismiss based on laches in light of unanswered fact questions); *Morel Acoustic, Ltd. v. Morel Acoustics USA, Inc.*, 3:04-CV-348, 2005 WL 2211306 (S.D. Ohio Sept. 7, 2005) ("[T]he defense of laches requires a close scrutiny of the facts and a balancing of the respective interests of the Parties, a scrutiny and balancing that cannot be achieved when viewing only a Complaint."); *EEOC v. Autozone, Inc.*, 258 F. Supp. 2d 822, 825 (W.D. Tenn. 2003) (treating motion to dismiss based on laches as one for summary judgment); *Fed. Exp. Corp. v. U.S. Postal Serv.*, 75 F. Supp. 2d 807, 814 (W.D. Tenn. 1999) ("As evaluation of a claim of laches is dependant [sic] upon the submission of evidence, Fed. R. Civ. P. 12(b)(6) is not the proper vehicle for bringing such a request."); *Sherman v. Standard Rate Data Serv., Inc.*, 709 F. Supp. 1433, 1441 (N.D. Ill. 1989).

    In viewing the Complaint in the instant case, the Court finds the logic of these courts persuasive. Because this is a motion to dismiss pursuant to Rule 12(b)(6), the Court must limit its review to the facts alleged in the Complaint. The Court cannot conclude from the face of Westfield's complaint that Westfield lacked diligence nor can it conclude that Defendants were

prejudiced. Therefore, the elements of the defense of laches are not satisfied on the face of Westfield's complaint and the Court cannot dismiss at this juncture.

## II.

The Tosh Defendants' motion argues, first, that Tosh Farms, LLC, and Pig Palace, LLC, should be dismissed from the lawsuit for lack of personal jurisdiction. Next, the Tosh Defendants seek to dismiss this action against all the Tosh Defendants under 28 U.S.C. § 1391(b) or, alternatively, to transfer the case to the Western District of Tennessee pursuant to 28 U.S.C. § 1406(a) because of improper venue.

### A.

The Court declines to dismiss Tosh Farms, LLC, and Pig Palace, LLC, from this action for want of subject matter jurisdiction. In a recent opinion in the underlying lawsuit, this Court dismissed the Powell Defendants' claims against the two parties, as well as Shiloh Hills, LLC, and Bacon By Gosh, Inc., after finding the facts did not support any basis for their liability. (*See* Mem. Op. & Order, 12-14, DN 536, *Powell v. Tosh*, 5:09-CV-00121-TBR.) However, the Court's opinion was not a final judgment, and thus the Powell Defendants currently are unable to appeal the Court's ruling on this issue. *See* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties . . . ."). It has been alleged in both the underlying action and Westfield's complaint that these two defendants are agents of other entities that conduct business in Kentucky or personally conduct such business. Although the Court has found this issue without merit in the underlying action, should its ruling ultimately be reversed on appeal, Westfield could be required to continue providing a defense to these parties. Based on the allegations of the Complaint, the claims asserted in the

underlying action, and the lack of finality as to those claims, the Court declines to dismiss Tosh Farms, LLC, and Pig Palace, LLC, at this time.

**B.**

In civil cases "wherein jurisdiction is founded solely on diversity of citizenship," venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The Court finds that this district is an appropriate venue under 28 U.S.C. § 1391(b)(2), because a substantial part of the events leading to Westfield's claim occurred in the Western District of Kentucky. The Tosh Defendants argue that because insurance policies procured from Tennessee agents by Defendants predominately from that state regarding property that is predominately in Tennessee, the controversy's "center of gravity" is in Tennessee and, thus, the Western District of Kentucky is an improper venue.

While it is undeniable that important events occurred in those states, the Tosh Defendants' arguments are unavailing because even acknowledging those events were substantial, the events occurring in Kentucky were equally substantial given the nature of the instant lawsuit. Under § 1391(b), a case may be instituted in a district so long as *a substantial part* of the events occurred there, even if it that district does not have the most or even the greatest contacts with the action. *See First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998) (citing *Setco Enter. Corp. v. Robbins*, 19 F.3d 1278, 1280-81 (8th Cir. 1994)) (stating that under § 1391, courts "no longer ask which district among the two or more potential forums is the

8

'best' venue. Rather, [they] ask whether the district the plaintiff chose had a substantial connection to the claim, whether or not the other forums had greater contacts."). Further, "[s]ubstantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute," and "[e]vents or omission[s] that might only have some tangential connection with the dispute in litigation are not enough." *Sazerac Co., Inc. v. Hood River Distillers, Inc.*, 2012 WL 6645730, *3 (W.D. Ky. Dec. 20, 2012) (quoting *Cottman Transmission Sys. v. Martino*, 36 F.3d 291, 295 (3d Cir. 1994)). Here, the focus of Westfield's declaratory judgment action is whether it has a coverage obligation with respect certain alleged torts that occurred in western Kentucky, to western Kentucky individuals, with western Kentucky co-defendants. Furthermore, although it has done so with a reservation of rights, Westfield is providing the Tosh Defendants a defense in the underlying action. These connections are hardly tangential or remote. Under these circumstances, there are certainly enough ties to this district to satisfy the "substantiality" test of § 1391. *See Capitol Specialty Ins. Corp. v. Splash Dogs, LLC*, 801 F. Supp. 2d 657, 672 (S.D. Ohio 2011) (declaratory judgment action by insurer).

Finally, the Tosh Defendants alternatively request a transfer of venue under 28 U.S.C § 1406(a). Under this provision, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C § 1406(a). Section 1406(a) may only be invoked to dismiss or transfer if improper venue or lack of personal jurisdiction exists in the district court where the case is pending. *See, e.g.*, *Sechel Holdings, Inc. v. Clapp*, 2012 WL 3150087, *2 (W.D. Ky. Aug. 2, 2012) (citing *Martin v. Stokes*, 623 F.2d 469, 474 (6th Cir. 1980)). Because the Court has found that this case is properly venued and that there

is no question regarding personal jurisdiction, section 1406(a) is inapplicable. Thus, the Tosh Defendants' motion is denied.

### III.

The Howell/Davis Defendants argue that Westfield's claims against them are not ripe. "The ripeness doctrine encompasses Article III limitations on judicial power and prudential reasons that lead federal courts to refus[e] to exercise jurisdiction in certain cases." *Miles Christi Religious Order v. Twp. of Northville*, 629 F.3d 533, 537 (6th Cir. 2010) (quoting *Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003)) (internal quotation marks omitted). "[A] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Cooley v. Granholm*, 291 F.3d 880, 883-84 (6th Cir. 2002) (quoting *Texas v. United States*, 523 U.S. 296 (1998)). Generally, courts "do not allow litigation on premature claims to ensure that courts litigate only existing, substantial controversies, not hypothetical questions or possibilities." *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 582 (6th Cir. 2008) (quoting *City Commc'ns, Inc. v. City of Detroit*, 888 F.2d 1081, 1089 (6th Cir. 1989)) (internal quotation marks omitted). In deciding whether a dispute is ripe, the Court applies a two-pronged test, evaluating: (1) whether the dispute is "fit" for judicial resolution and (2) the potential hardship to the parties "if the federal courts stay their hand." *Miles Christi*, 629 F.3d at 537 (citing *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967)).

No Howell/Davis Defendant is insured under a Westfield policy, and Westfield has not provided the Howell/Davis Defendants a defense in the underlying tort action. Nonetheless, Westfield contends a current case or controversy exists because if the Howell/Davis Defendants are agents of the Tosh Defendants, who are insured by Westfield, "they plausibly could seek a

defense and/or indemnification under the various Tosh policies." (Pls.' Resp., 2, DN 95.) Westfield further contends that their claims are fit for judicial resolution, because although "[a] determination as to coverage regarding the Howell Defendants is contingent upon certain facts occurring," such is the case in "virtually every coverage action." (Id. at 11.) However, the Court agrees with the Howell/Davis Defendants that the dispute between these two parties is different from a typical insurance action. Here, the Howell/Davis Defendants are neither insured parties under a Westfield policy nor have they filed a suit seeking to recover against a party insured by Westfield.  That, *if* an adverse judgment is entered against one or more Howell/Davis Defendant, the defendant *may* seek indemnification from their co-defendants, does not make Westfield's action fit for review. *Cf. State Farm Mut. Auto. Ins. Co. v. Carter*, 2008 WL 5740100, *11 (W.D. Mich. Oct. 28, 2008) (quoting *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 712 (7th Cir. 2002) ("The threat of suit, however immediate, is not by itself sufficient for invocation of the federal power to issue a declaratory judgment."). Further, in the unlikely event the required contingencies occur, the potential hardship to Westfield is low in light of the Howell/Davis Defendants' willingness to dismiss Westfield's claims against them without prejudice. Therefore, the Howell/Davis Defendants' motion to dismiss is granted.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The Powell Defendants' Motion to Dismiss (DN 58) is DENIED.

2. The Tosh Defendants' Motion to Dismiss (DN 78) is DENIED.

3. The Howell/Davis Defendants' Motion to Dismiss (DN 80) is GRANTED. The Howell/Davis Defendants are DISMISSED from this action WITHOUT PREJUDICE.

Date:

CC:     Counsel